UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL TEKLEMARIAM HAGOS,

    Plaintiff,

v.

GERARDO MORENO, *et al.*,

    Defendants.

CASE NO. 2:22-cv-01862-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 3, 2023

  The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Before the Court is plaintiff Daniel Teklemariam Hagos' declaration and application to proceed *in forma pauperis* ("motion"). Dkt. 6. After reviewing the motion, the Court concludes plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Therefore, the Court recommends plaintiff's motion (Dkt. 6) be denied and plaintiff be directed to pay the $402.00 filing fee in order to proceed with this action.

## BACKGROUND

Plaintiff, a civilly committed detainee confined at the King County Jail, filed a proposed complaint under 42 U.S.C. § 1983 on December 29, 2022 (Dkt. 1-1), and a corrected IFP application on January 19, 2023 (Dkt. 6). Plaintiff brings claims against Seattle Police Department Officer Gerardo Moreno and the King County Superior Court, alleging that his constitutional rights were violated during his arrest on January 25, 2021, and subsequent detention. Dkt. 1-1 at 4–10. As relief, plaintiff requests monetary damages, the arrest of Officer Moreno, and release from custody and dismissal of the charges against him. *Id*. at 11.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

The Court's records show plaintiff has filed a considerable number of lawsuits, including ten in 2022. At least three of those prior matters, which were filed while plaintiff was incarcerated, have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Thus, the Court finds the following prior dismissals constitute "strikes" pursuant to section 1915(g):

- *Hagos v. Munoz, et al.*, No. 2:21-cv-01640-JLR (W.D. Wash.), Dkts. 14, 16 (case dismissed for failure to state a claim upon which relief may be granted);

- *Hagos v. Jail Health Staff, et al.*, 2:22-cv-00499-JCC (W.D. Wash.), Dkts. 12, 13 (case dismissed for failure to state a cognizable claim for relief); and

- *Hagos v. King County Superior Court*, 2:22-cv-00928-JCC (W.D. Wash.), Dkt. 9 (case dismissed with prejudice for failure to state a claim upon which relief may be granted).

Because he has incurred at least three "strikes," plaintiff is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on December 29, 2022. *See* 28 U.S.C. § 1915(g).

Plaintiff fails to make the required showing. Plaintiff's complaint alleges only that Officer Moreno lacked probable cause to arrest him and that, as a result, the King County Superior Court is falsely imprisoning him. Dkt. 1-1. Plaintiff makes no allegation of any risk of

REPORT AND RECOMMENDATION - 3

physical harm, alleging only that when Officer Moreno arrested him, Officer Moreno "human trafficed [sic] me with hand cuffs on my wrist . . . ." *Id*. at 5. He also declares on several pages of his proposed complaint, "I am being attacked!" but fails to explain if that attack is physical and, if so, any of the details of an attack. *See id*. at 4, 5, 10, 11. These allegations fall far short of the required showing of imminent danger of serious physical injury.

Plaintiff is therefore ineligible to file this lawsuit in federal court without paying $402.00 ($350.00 filing fee plus $52.00 administrative fee). *See* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

## CONCLUSION

For the reasons set forth above, the Court recommends plaintiff's IFP application (Dkt. 6) be denied based on the three-strikes rule of 28 U.S.C. § 1915(g). The Court further recommends plaintiff be required, within 30 days of the adoption of this Report, to pay the $402.00 filing fee in order to proceed with his complaint, and that this case be dismissed without prejudice if he fails to do so.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

1 | limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 3, 2023,** as noted in the caption.

Dated this 17th day of February, 2023.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5