UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL TEKLEMARIAM HAGOS,

               Plaintiff,

   v.

GERARDO MORENO, et al.,

               Defendants.

CASE NO. C22-1862 BHS-JRC

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge J. Richard Creatura's Report and Recommendation ("R&R"), Dkt. 7, and Plaintiff Daniel Teklemariam Hagos's Objections to the R&R, Dkt. 8.

Hagos asserts 42 U.S.C. § 1983 claims against Defendants Seattle Police Department Officer Gerardo Moreno, the King County Superior Court, King County Superior Court Judge Bender, and the King County Superior Court Clerk's Office. *See generally* Dkt. 1. His claims are somewhat unclear, but they appear to relate to his arrest and detention in January 2021. *See id.* at 4.

Pending before the Court is Hagos's application to proceed *in forma pauperis* ("IFP"), Dkt. 1, which Judge Creatura recommends the Court deny because Hagos has

ORDER - 1

"three strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Dkt. 7. Judge Creatura concludes that Hagos's conclusory statement—"I am being attacked!"—is insufficient to show imminent danger of serious physical injury. *Id.* at 4.

Hagos objects, arguing that the Court must grant him IFP because he is homeless, has a low income, and is disabled. Dkt. 8. His objections quote from various case law, describe the dangers of COVID-19, and explain that he seeks release from jail and for the Court to send the individually named defendants to federal prison. *Id.*

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, objections to an R&R are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's

report and recommendation when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

report and recommendation when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

As courts in other districts have recognized and explained, such re-litigation is not an efficient use of judicial resources. There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate judge's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72.").

Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "[P]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Id.* at 1051–52. The "three-strikes rule," contained in § 1915(g), states:

> In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because he has incurred at least three strikes, *see* Dkt. 7 at 3, Hagos is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g).

The Court agrees with Judge Creatura that Hagos has failed to show he is or was "under imminent danger of serious physical injury." His application to proceed IFP is therefore denied and to proceed he must pay the $402.00 filing fee.

The Court, having considered the R&R, Hagos's Objections, and the remaining record, does hereby order as follows:

(1)  The R&R is **ADOPTED**;

(2)  Hagos's Application to Proceed *in forma pauperis*, Dkt. 1, is **DENIED**;

(3)  Hagos must pay the filing fee within 30 days or the case will be dismissed; and

(4)  The Clerk is directed to send copies of this Order to Hagos and to Judge Creatura.

Dated this 16th day of March, 2023.

BENJAMIN H. SETTLE
United States District Judge